# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 DAVE S. TURNER, JR.**
**United States Army, Appellant**

ARMY 20120405

Headquarters, I Corps
David L. Conn, Military Judge
Lieutenant Colonel John T. Rothwell, Acting Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jaired D. Stallard, JA; Captain Robert N. Michaels, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major Elisabeth A. Claus, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

28 March 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave, two specifications of disrespect toward a superior commissioned officer, one specification of insubordinate conduct toward a noncommissioned officer, and two specifications of violating a lawful general order, in violation of Articles 86, 89, 91, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 889, 891, 892 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for fifteen months, and forfeiture of all pay and allowances.[*]

---

[*] The convening authority also credited appellant with 87 days of confinement credit against the sentence to confinement.

Appellant's case is now before this court for review pursuant to Article 66, UCMJ. One of appellant's assignments of error warrants discussion, but not relief. Appellant alleges that he received ineffective assistance of counsel in the post-trial phase of his court-martial. In a statement made under penalty of perjury, appellant states that his trial defense counsel never contacted him about submitting letters or documents for his clemency submissions. Appellant states that he wanted to submit a letter from himself as well as letters from family members requesting leniency. Appellant does not aver what he would have said in his letter or what his family members would have submitted on his behalf. Appellant's trial defense counsel submitted an affidavit stating, *inter alia*, that he did speak to appellant on the day of trial about clemency submissions and that his office also made between four and ten unsuccessful attempts to contact appellant regarding clemency submissions. Furthermore, at trial, appellant expressly affirmed on the record his responsibility to keep in contact with his trial defense counsel regarding clemency submissions. He expressly authorized his trial defense counsel to submit clemency matters on his own if that counsel was unable to contact him.

We analyze claims of ineffective assistance of counsel using the two-pronged test of *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

We need not decide whether appellant's statement made under penalty of perjury is in factual conflict with his defense counsel's affidavit because, even assuming that appellant's trial defense counsel failed to contact him regarding clemency submissions, appellant has not met his burden of establishing prejudice. "[W]hen an appellant attacks his trial defense counsel for failure to submit clemency matters, he must specify what he would have submitted, but for his counsel's alleged deficiency." *United States v. Clemente*, 51 M.J. 547, 551 (Army Ct. Crim. App. 1999) (citing *United States v. Hood*, 47 M.J. 95, 98 (C.A.A.F. 1997)). We do not know the substance of the letters that appellant and his family allegedly wished to submit at clemency. It follows that appellant cannot establish any prejudice flowing from the absence of those documents in appellant's clemency submission. *See Hood*, 47 M.J. at 98 ("With respect to appellant's assertion that he had additional clemency materials to submit, we hold that he has not met his burden of showing prejudice because he has not identified any matters that he would have submitted.").

**CONCLUSION**

Upon consideration of the entire record, the findings and sentence as approved by the convening authority are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court